## ELMER E. GOAR v. VILLAGE OF STEPHEN.[1]

April 9, 1925.

No. 24,522.

**Verdict not excessive.**

> The verdict for the plaintiff in an action for loss of the services and society of his wife occasioned by an injury to her through the negligence of the defendant *held* not excessive.
> *Headnote. See Damages, 17 C. J. p. 1091, § 408.

Action in the district court for Marshall county. The case was tried before Grindeland, J., and a jury which returned a verdict for plaintiff. Defendant appealed from an order denying its motion for a new trial. Affirmed.

*B. B. Brett* and *W. E. Rowe*, for appellant.

*H. O. Chommie, Julius J. Olson* and *Rasmus Hage*, for respondent.

DIBELL, J.

Action by the plaintiff for loss of the services and society of his wife who was injured through the negligence of the village. There was a verdict for $4,500. The defendant appeals from the order denying its motion for a new trial.

The plaintiff's wife was injured while operating an electric ironer in her home, the power for which was distributed by the village. She recovered of the village. Goar v. Village of Stephen, 157 Minn. 228, 196 N. W. 171. No question is made of the propriety of a verdict for the plaintiff in some amount. It is claimed that the award is excessive. In it is included medical and other expenses of $398.35. The question is whether the remainder of substantially $4,100 is excessive as general damages.

Mrs. Goar suffered some burns on the left hand, a scalp burn, and a burn on the left side of her head. The most obvious injury is to her right hand. The burning of the palm and back of the hand

[1] Reported in 203 N. W. 62.

and the fingers was severe. The thumb was amputated below the second joint. The index finger is gone to the wrist. The middle finger is intact, with motion limited to the first two joints. The third finger is amputated just below the joint and the fourth finger at the joint. She is suffering from traumatic neurosis. Improvement is expected. She was 39 years of age at the time of her injury. She was not strong. She was able to discharge her ordinary household duties. She had no children. There was an adopted daughter 13 years of age. The plaintiff is the agent of a lumber company in charge of a local yard. His situation is not further disclosed.

The award of damages may be liberal. It represents the composite judgment of 12 jurors coming from different walks in life, and has the approval of the trial judge. It should not be disturbed by us.

The defendant claims error in rulings on evidence and in the charge to the jury. We find nothing calling for a new trial or for discussion.

Order affirmed.